IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO DE JESUS HERNANDEZ DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:26-cv-319 |
| UNITED STATES DEPARTMENT OF | ) | Judge Stephanie L. Haines |
| HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

On February 25, 2026, Petitioner Domingo De Jesus Hernandez Diaz ("Petitioner") filed a

Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241. ECF No. 2.[1]

Petitioner named as Respondents: United States Department of Homeland Security, U.S.

Immigration and Customs Enforcement ("ICE"), and ICE Field Office Director, Pittsburgh Field

Office (collectively, "Respondents"). *Id.* On February 27, 2026, pursuant to Administrative Order

2026-06, the case was reassigned to the Honorable Judge Stephanie L. Haines, and on March 2,

2026, a briefing schedule was issued. ECF No. 3. Respondents' counsel subsequently entered their

appearance on April 28, 2026. ECF No. 7.[2] Then, on May 22, 2026, Respondents filed a Response

to Petitioner's Habeas Petition. ECF No. 8.

---

[1] On February 24, 2026, Petitioner filed his Habeas Petition for the first time, ECF No. 1, but there were several minor filing issues, including signature requirements, document organization, and proper completion of the civil cover sheet. Docket 2:26-cv-319. On February 25, 2026, Petitioner filed his Habeas Petition for the second time, ECF No. 2, but he failed to address all of the filing issues requested by the Clerk. *Id.* As such, the Habeas Petition appears to have never been properly filed. However, because Respondents have already responded to the Habeas Petition and the remaining corrective actions were minor, the Court will consider these filing issues moot and will treat the Habeas Petition, ECF No. 2, as properly filed.

[2] The Court notes that Respondents' entry of appearance was delayed due to improper service by Petitioner's counsel, which Petitioner acknowledges in his Response to Order to Show Cause (despite the Court never filing an Order to Show Cause to begin with). ECF No. 6. Upon receiving proper service through email on April 23, 2026, Respondents' counsel entered their appearance within the next few business days. ECF No. 7.

1

As such, Petitioner's Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 2.

## I.      Facts[3]

Petitioner is a citizen of Mexico and entered the United States lawfully on May 6, 2025, under an H-2A agricultural visa. ECF No. 2, p. 3; ECF No. 8, p. 1. He was only authorized to stay in the United States until August 8, 2025, but he failed to depart by that date. ECF No.8, p. 1.

On December 21, 2025, Petitioner was arrested by ICE during a traffic stop in Pittsburgh, Pennsylvania. ECF No. 2, p. 3; ECF No. 8, p. 1; ECF No. 8-1, p. 2. That same day, DHS completed the Form I-200 and Form I-210, Voluntary Departure and Verification of Departure, in both English and Spanish. ECF No. 2, p. 4; ECF No. 8-2.[4] Petitioner was then detained at Moshannon Valley Detention Center until his departure from the United States on December 26, 2025. ECF No. 2, p. 3; ECF No. 8, p. 1-2.

## II.      Parties' Allegations & Relief Requested

Petitioner contends that his "removal was executed without statutory authority and in violation of due process." ECF No. 2, p. 3. In Count 1 of the Habeas Petition, Petitioner argues that "[a]bsent a signed waiver, DHS lacked authority to bypass Immigration Judge proceedings." *Id.* at 5. Then, in Count 2, he argues that, due to the accelerated nature of this removal, he "lost the opportunity to seek relief, appear before an Immigration Judge, and exercise his statutory right to counsel under 8 U.S.C. § 1362." *Id.* at 6. Finally, in Count 3, Petitioner argues that, under the

---

[3] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

[4] The Court notes that Petitioner did not sign the I-210 submitted with the Habeas Petition. ECF No. 2-3, p. 4. In the Response, Respondents provided an I-210 in both English and Spanish with a signature from the Petitioner. ECF No. 8-2. Although Petitioner had the opportunity to respond to the Respondents' filing, Petitioner did not file a response and thus did not contest the validity of either signature. As such, the Court will assume that both Petitioners' signatures on the Respondents' I-210 in English and Spanish, ECF No. 8-2, are valid.

Accardi Doctrine, his removal was "legally infirm" because DHS failed "to comply with mandatory safeguards" and its own regulations. *Id.* Petitioner also maintains that this Court has jurisdiction under 28 U.S.C. § 2241 because he is challenging "whether DHS possessed statutory authority to remove him without a removal order and without a valid waiver of §240 proceedings[,]" which he alleges is a legal question that "falls squarely within habeas review." ECF No. 2, p. 3, 7.

As for relief, Petitioner requests that the Court "[d]eclare the December 26, 2025 removal unlawful;" "[v]acate the purported voluntary departure;" "[o]rder DHS to rescind the removal record;" "[r]estore Petitioner to the position he occupied prior to removal;" "[o]rder DHS to facilitate Petitioner's return for lawful § 240 proceedings;" and "[g]rant such other relief as justice requires." *Id.* at 6.

In contrast, Respondents assert that the Court lacks jurisdiction because "Petitioner was not within the jurisdiction of this Court at the time his [habeas] petition was filed," citing to the fact that "Petitioner had returned to Mexico almost two months prior to the filing of the instant petition." ECF No. 8, p. 2. Additionally, Respondents argue that Petitioner's Habeas Petition is moot because "Petitioner has departed, [so] judicial intervention is no longer needed" and "there are no such continuing injuries or collateral consequences" present that would justify post-release relief due to Petitioner's voluntary request for departure and Petitioner's signing and fingerprinting of the I-210. *Id.* at 3-4.

### III.    Discussion

"For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency" when the habeas petition is filed. *Kumarasamy v. AG of the United States*, 453 F.3d 169, 172 (3d Cir. 2006) (citing 28 U.S.C.

3

§ 2241(c)). Generally, as long as there are "significant restrictions imposed on [the petitioner's] freedom[,]" 'custody' can be defined as actual incarceration, release on parole, release on bail, or even release on recognizance. *Id.*

However, "[a] petitioner who has been removed from the country is 'not subject to restraints not shared by the public generally that significantly confine and restrain his freedom.'" *Kumarasamy*, 453 F.3d at 173 (citing *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)). Rather, "he is subject to no greater restraint than any other non-citizen living outside American borders." *Miranda*, 238 F.3d at 1159. As such, "petitioners who have already been removed from the country do not satisfy the 'in custody' requirement for habeas corpus jurisdiction[,]"[5] *Kumarasamy*, 453 F.3d at 173, even if they are unable to ever return to the United States again. *Miranda*, 238 F.3d at 1159.

Here, both parties agree that Petitioner had already been removed from the United States for almost two months before he filed this Habeas Petition. *See* ECF No. 2, p. 3; ECF No. 8, p. 2. Thus, when Petitioner filed the Habeas Petition, he was no longer in custody.

As such, due to the lack of custody at the time of filing, the Court lacks the jurisdiction to consider this Habeas Petition and any of its claims.

---

[5] The Third Circuit in *Kumarasamy* referenced the following exception to the general rule of jurisdiction in a brief footnote:

> In *Miranda*, the Ninth Circuit preserved an 'exceptional circumstances' exception to the general rule that district courts do not have jurisdiction over petitioners who have already been removed. *Miranda*, 238 F.3d at 1159. While we do not rule out the possibility that a district court could potentially exercise jurisdiction in a situation where exceptional circumstances would otherwise effect a miscarriage of justice, we do not believe such circumstances exist in this case.

*Kumarasamy*, 453 F.3d at 173. Like the Third Circuit in *Kumarasamy*, this Court does not find that such exceptional circumstances exist in this case. Here, Petitioner signed the I-210 in both English and Spanish, *see* ECF No. 8-2, and he waited almost two months to file his petition upon his removal. This is not a case where the petitioner did not sign a waiver, nor is it a case where the government's removal was in violation of a judge's order. *See Miranda*, 238 F.3d at 1159 ("Recently, we held that under extreme circumstances—when the INS removed an immigrant 'in violation of the immigration judge's order and after interference with his right to counsel'—the district court had habeas corpus jurisdiction over an immigrant who had already been removed." (citing *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir.1996))). As such, there are no exceptional circumstances present here.

4

**IV.    Conclusion**

Therefore, for the reasons set forth herein, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 2. An appropriate Order follows.

## ORDER

**AND NOW**, this 10th day of July 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **DENIED.**

2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge

5